U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PATRICIA BUTLER and WESLEY BUTLER, on behalf of themselves and all other similarly situated employees,

Plaintiffs,

vs.

HARVEST MANAGEMENT SUB, LLC d/b/a HOLIDAY RETIREMENT,

Defendant.

NO.

**COLLECTIVE ACTION COMPLAINT**

**Demand for Jury Trial**

Plaintiffs Patricia Butler and Wesley Butler (collectively, "Plaintiffs"), on behalf of themselves and all those similarly situated, allege the following claims against Defendant Harvest Management Sub, LLC d/b/a Holiday Retirement ("Holiday" or "Defendant"):

## I. SUMMARY OF CLAIMS

1. According to its website, Holiday describes itself as ". . . a robust family of more than 300 senior living communities that provides seniors a safe, carefree, all-inclusive retirement lifestyle." *See http://www.holidaytouch.com/about-us* (last accessed on April 18, 2017).

COLLECTIVE ACTION COMPLAINT - 1

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. Holiday employed exempt-classified Co-Managers ("CMs"), however variously titled, at its retirement homes across the United States through approximately November, 2016.[1]

3. Holiday unlawfully classified all CMs nationwide as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), despite the fact that they should have been classified as non-exempt employees. Holiday cannot satisfy its burden of showing that CMs fit within any one of the narrow exemptions to the FLSA. Accordingly, CMs are entitled to overtime pay for all overtime hours worked, as well as additional remedies available under the FLSA.

4. Holiday classified CMs as exempt despite the fact that it required CMs to perform non-exempt duties as their primary duties, including but not limited to: leasing units; serving food and coffee; performing repairs on the property; giving property tours; and collecting rent.

5. Based upon this unlawful exempt classification, Holiday willfully refused to pay the CMs the required overtime compensation for overtime hours worked.

6. Holiday's practices violated the FLSA. Plaintiffs seek declaratory relief; overtime compensation for all overtime work required, suffered, or permitted by Holiday; liquidated and/or other damages and penalties as permitted by applicable law; benefits recoverable under applicable law; interest; and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA.

8. This Court has personal jurisdiction over Defendant as they do business in Seattle and other cities throughout Washington, and because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

---

[1] As of November, 2016, Holiday restructured its property management model and, in doing so, eliminated the Co-Manager position.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

10. Plaintiffs bring this action on behalf of themselves and all persons who have worked for Holiday in any location nationwide as exempt-classified CMs, and similarly situated current and former employees holding comparable positions but different titles (the "FLSA Collective"), at any time during the applicable limitations period prior to the filing of the Complaint through the date of the final disposition of this action.[2]

### III. THE PARTIES

#### A. Plaintiffs Patricia and Wesley Butler

11. Plaintiffs Patricia and Wesley Butler were employed together by Defendant as CMs from approximately July 2012 to November 2014. They worked in Virginia until approximately September 2013, then worked in Tacoma, Washington, and finally worked in Seattle, Washington until the end of their employment with Defendant.

12. As CMs, the Butlers each regularly worked more than 40 hours in a workweek for Holiday. Pursuant to Holiday's policy, pattern or practice, the Butlers were not properly compensated for all hours they worked and, in particular, received no compensation for any hours worked over 40 in a workweek.

13. In accordance with the relevant provisions of the FLSA, the Butlers have consented to assert the claims in this Complaint. *See* Exhibits A and B.

#### B. Defendant

14. Defendant Harvest Management Sub, LLC d/b/a Holiday Retirement is a Delaware corporation with its principal place of business in Portland, Oregon.

---

[2] In January, 2014, Defendant previously settled an FLSA lawsuit brought by CMs, on a nationwide collective action basis. The CM position and its related duties did not change following that settlement until Holiday eliminated the CM position in November, 2016. To the extent any part of a CM's claims were released as part of that court-approved settlement, those claims are excluded from the relief sought in this lawsuit.

COLLECTIVE ACTION COMPLAINT - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

15. Holiday is a national, privately held, retirement community management company.

16. In the United States, Holiday offers accommodations at over 300 retirement communities across the country. http://hrcsitecore-holidaytouch-com.azureedge.net/-/media/documents/efile_community_locations_map.pdf?la=en&cbf=20161201T164054:636162072544360092 (last accessed on April 18, 2017).

17. Defendant does business in the United States and throughout this District.

18. Defendant employed Plaintiffs and the FLSA Collective members and controlled and directed the terms of employment and/or compensation of Plaintiffs and other FLSA Collective members.

19. Defendant exercised control over the wages, hours or working conditions of Plaintiffs and other FLSA Collective members. Defendant suffered or permitted work, or engaged Plaintiffs and other FLSA Collective members, thereby creating a common law employment relationship.

20. Defendant's annual gross volume of sales made or business done was not less than $500,000 during all times relevant.

## IV. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all members of the FLSA Collective nationwide, who elect to opt-in to this action.

22. Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and other similarly situated CMs.

23. Consistent with Defendant's policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

24. Defendant assigned all of the work that Plaintiffs and the members of the FLSA Collective performed, and/or Defendant was aware of all of the work that Plaintiffs and the FLSA Collective performed.

25. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. Willfully failing to pay its employees, including Plaintiffs and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. Willfully failing to compensate Plaintiffs and the FLSA Collective an overtime premium based on a regular rate inclusive of all wages, goods, furnishings and facilities provided to CMs; and

    c. Willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA.

26. Defendant is aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

27. Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

28. Defendant's unlawful conduct has been widespread, repeated, and consistent.

29. There are many similarly situated current and former CMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

30. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

COLLECTIVE ACTION COMPLAINT - 5

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

31.     Those similarly situated employees are known to Holiday, are readily identifiable, and can be located through Holiday's records.

## V.  COMMON FACTUAL ALLEGATIONS

32.     Defendant employed CMs in pairs, usually married couples, to work at each of its retirement communities nationwide.

33.     Plaintiffs and the FLSA Collective members consistently worked more than 40 hours per week throughout their employment with Defendant.

34.     Plaintiffs' duties and those of the FLSA Collective members were assigned to them by their superiors employed by Defendant.

35.     At all relevant times Defendant was aware that Plaintiffs and the FLSA Collective members worked more than 40 hours per workweek, yet they failed to pay overtime compensation for hours worked over 40 in a workweek.

36.     Defendant's compensation to Plaintiffs and the FLSA Collective members included: a weekly salary; monthly non-discretionary bonuses based on sufficient sales to maintain high occupancy rates of the retirement community in which they worked; and other forms of compensation.

37.     Plaintiffs and the FLSA Collective members' primary duties were routine, non-exempt tasks including, but not limited to:

      a.     Leasing residential units to customers;

      b.     Waiting tables and serving food and coffee to Defendant's residents;

      c.     Performing maintenance repairs and services on the property;

      d.     Giving property tours to prospective residents and their families; and

      e.     Collecting rent from residents.

38.     Approximately four nights per week, each pair of CMs would be on call to handle emergencies in accordance with Holiday detailed protocols and procedures.

39.     Plaintiffs and FLSA Collective members' primary job duties did not include:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a. Hiring;

b. Firing;

c. Making recommendations for hiring, firing, or other employment decisions;

d. Scheduling; or

e. Disciplining employees.

40. Plaintiffs and the FLSA Collective members' primary duties were not directly related to Defendant's management or general business operations.

41. Plaintiffs and the FLSA Collective members' primary duties did not include the exercise of discretion or independent judgment regarding matters of significance.

42. In that regard, Plaintiffs and the FLSA Collective members:

a. Were not involved in planning Defendant's long or short term business objectives;

b. Could not formulate, affect, implement or interpret Defendant's management policies or operating practices;

c. Did not carry out major assignments that affected Defendant's business operations to a substantial degree;

d. Did not have authority to commit Defendant in matters that had significant financial impact; and

e. Could not waive, or deviate, from Defendant's established policies or procedures without prior approval.

43. Plaintiffs and the FLSA Collective members' primary duties were non-managerial in nature.

44. Defendant employed multiple Lead Managers or Community Managers at all of its retirement communities. Lead Managers/Community Managers are higher in the Holiday

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

management hierarchy than CMs. CMs reported to Lead Managers/Community managers and received direction from them.

45. Defendant further employed multiple levels of regional and national management responsible for decision-making on matters of significance.

46. The performance of non-managerial duties occupied the majority of Plaintiffs and the FLSA Collective members' working hours.

## VI. FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Overtime Wages
by Plaintiffs, on behalf of themselves
and the FLSA Collective Against Defendant**

47. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

48. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

49. At all relevant times, Plaintiffs and the FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. Defendant employed Plaintiffs and the FLSA Collective members at all relevant times.

51. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

52. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. At all times relevant, Plaintiffs and the FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

COLLECTIVE ACTION COMPLAINT - 8

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

54. Defendant has failed to pay Plaintiffs and the FLSA Collective members the overtime wages to which they are entitled under the FLSA.

55. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

56. Because Defendant's violations of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

58. As a result of the unlawful acts of Defendant, Plaintiffs and the FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all FLSA Collective members, pray for relief as follows:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective who work or have worked for Defendant at any time during the three years immediately preceding the date of this Complaint, up through and including the date of this Court's court-supervised notice.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay (inclusive of all monetary and non-monetary compensation, including without limitation, salary, bonuses, housing, meals and utilities) and

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

an additional equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

    C.    The employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes and restitution to be paid by Defendant according to proof;

    D.    Pre- and post-judgment interest;

    E.    Service awards to the Plaintiffs as compensation for the time, effort, expense, risk, and opportunity costs incurred in pursuit of these representative claims on behalf of others, and as an incentive to others to ensure robust enforcement of rights protecting workers;

    F.    Attorneys' fees and costs of this action, including expert fees; and

    G.    Such other relief as this Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims so triable.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of May, 2017.

    TERRELL MARSHALL LAW GROUP PLLC

    By:   /s/ Beth E. Terrell, WSBA #26759
           Beth E. Terrell, WSBA #26759

    By:   /s/ Adrienne D. McEntee, WSBA #34061
           Adrienne D. McEntee, WSBA #34061
           Email: amcentee@terrellmarshall.com
           936 North 34th Street, Suite 300
           Seattle, Washington 98103-8869
           Telephone: (206) 816-6603
           Facsimile: (206) 319-5450

COLLECTIVE ACTION COMPLAINT - 10

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Gregg I. Shavitz*
Email: gshavitz@shavitzlaw.com
Alan L. Quiles*
Email: aquiles@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiffs*

**Pro Hac Vice Application Forthcoming* *

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

— **EXHIBIT A** —

— **EXHIBIT A** —

## CONSENT TO JOIN FORM

      1.    I consent to be a party plaintiff in a lawsuit against Defendant(s),  Holiday Retirement , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.    I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Patricia Butler*
—E923BF24EB3B48B…
Signature

Patricia Butler
Print Name

— **EXHIBIT B** —

— **EXHIBIT B** —

DocuSign Envelope ID: 5F6D43B8-C224-4BAF-9A76-ED54D145EF49

## CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), _Holiday Retirement_ , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_Wesley Butler_
(DocuSigned by: Wesley Butler — 5C8EE1D5B2CA489...)
Signature


  Wesley Butler

Print Name