THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA BUTLER AND WESLEY BUTLER, on behalf of themselves and all other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>HARVEST MANAGEMENT SUB, LLC d/b/a HOLIDAY RETIREMENT,<br><br>Defendant. | No. 2:17-cv-00685-RAJ<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF STATUTE OF LIMITATIONS<br><br>NOTE ON MOTION CALENDAR: November 17, 2017 |

## I. INTRODUCTION

Defendant Holiday Retirement ("Holiday") respectfully requests that the Court deny Plaintiffs' Motion for Equitable Tolling of Statute of Limitations ("Motion"). Dkt. No. 28. Tolling a statute of limitations is an exceptional remedy which, in the Ninth Circuit, is allowed only when (1) the plaintiff is prevented from asserting a claim by the defendant's wrongful conduct, or (2) extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time. Plaintiffs do not (and cannot) argue that Holiday has engaged in wrongful conduct. As a result, they are left to argue that Holiday's motion to dismiss somehow creates "extraordinary circumstances" that warrant tolling. That is not the case. Courts routinely find that good faith motions to dismiss do ***not*** warrant tolling. Tolling would be particularly inappropriate here because any prejudice to potential opt-in plaintiffs would be caused by

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Plaintiffs' failure to seek conditional certification*, not Holiday's motion to dismiss. Plaintiffs' Motion should be denied.

## II. STATEMENT OF FACTS

Plaintiffs Patricia and Wesley Butler ("the Butlers") worked as Co-Managers at various Holiday-operated independent living communities between approximately July 2012 and November 2014. Dkt. No. 1, Compl. ¶ 11. On May 2, 2017, two and a half years after their employment with Holiday ended, the Butlers filed this lawsuit, in which they allege that Holiday misclassified them as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") during their time as Co-Managers. *See generally* Dkt. No. 1.

On June 15, 2017, Holiday filed a motion to dismiss, arguing that the Butlers should be estopped from bringing their claims because they failed to disclose those claims to the bankruptcy court when their debts were discharged in 2016. Motion to Dismiss at 1-2, Dkt. No. 11. On June 20, 2017, the Court deferred entry of an initial case scheduling order pending its ruling on Holiday's motion to dismiss.

*The Butlers have not yet moved for conditional certification of this case as a collective action*. Petersen Decl. ¶ 2, at 1. Nevertheless, between August 18, 2017 and September 1, 2017, the Butlers' lawyers filed seventeen "consent to join" forms. *See* Dkt. Nos. 25-27.

## III. ARGUMENT AND AUTHORITY

### A. Statute of Limitations for FLSA Claims

The statute of limitations for violations of the FLSA is two years. 29 U.S.C. § 255(a). That period is extended to three years if the employer's violation is willful. *Id*. For opt-in plaintiffs, the action is deemed to have "commenced" for statute of limitations purposes on the date on which their written consent is filed. 29 U.S.C. § 256(b). Thus, "[u]nlike class actions pursuant to Federal Rule of Civil Procedure 23, the statute of limitations in FLSA collective actions continues to run on each individual's claim until the individual files a consent form with



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the court to join the action as an opt-in plaintiff." *Bazzell v. Body Contour Centers, LLC*, No. C16-0202JLR, 2016 WL 3655274, at *9 (W.D. Wash. July 8, 2016).

**B. Equitable Tolling of FLSA Claims**

"Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). "In the Ninth Circuit, a statute of limitations may be equitably tolled when (1) the plaintiff is prevented from asserting a claim by the defendant's wrongful conduct or (2) extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *see also Bazzell*, 2016 WL 3655274, at *9 (finding that plaintiffs "failed to meet their burden of establishing a basis for equitable tolling of the FLSA limitations period."); *see also Thomas v. Talyst, Inc.*, No. C07-202JLR, 2008 WL 570806, at *5 (W.D. Wash. Feb. 28, 2008) (denying equitable tolling in FLSA collective action).

**1. Holiday Has Not Engaged in Wrongful Conduct**

In their Motion, the Butlers do not assert that Holiday has engaged in any wrongful conduct, let alone wrongful conduct that would justify equitable tolling. Nor could they. Filing a good faith motion to dismiss is not wrongful. *See Adedapoidle-Tyehimba v. Crunch, LLC*, No. 13-CV-00225-WHO, 2013 WL 4082137, at *8 (N.D. Cal. Aug. 9, 2013) ("Consistent with Congressional design then, good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims."); *Johnson v. Serenity Transportation, Inc.*, No. 15-CV-02004-JSC, 2016 WL 1569984, at *6 (N.D. Cal. Apr. 19, 2016) ("Defendants' [two motions to dismiss] raised valid legal arguments and did not constitute wrongful conduct warranting equitable tolling."); *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2012 WL 4739534, at *5 (E.D. Va. Oct. 2, 2012) ("[F]iling motions common to the litigation process in order to exercise particular rights and privileges under the Federal Rules of Civil Procedure and relevant federal statutes does not constitute per se misconduct by a defendant for the purposes of equitable tolling.").

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**2. "Extraordinary Circumstances" Do Not Exist to Justify Tolling the Statue of Limitations**

As a result, the Butlers are left to argue that "delay caused by a defendant's motion to dismiss" qualifies as the type of extraordinary circumstances that would justify equitable tolling. Motion at 3. Courts in the Ninth Circuit to consider the issue have rejected this argument. *See LaFleur*, 2012 WL 4739534, at *6 (delay due to pending motion to dismiss in FLSA collective action did not qualify as "extraordinary circumstances" for tolling purposes); *Adedapoidle-Tyehimba*, 2013 WL 4082137, at *8 (same); *see also MacGregor v. Farmers Ins. Exch*., No. 2:10-CV-03088, 2011 WL 2731227, at *1 (D.S.C. July 13, 2011) (denying request for equitable tolling on the basis of defendant's two consecutive motions to dismiss, noting that "Congress could have avoided the foreseeable delay of good faith motions and judicial decision-making by patterning the statute of limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so"); *Hintergerger v. Catholic Health Sys*., No. 08-CV-380S, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009) ("[T]he time for consideration of the conditional certification and related motions [which included a motion to dismiss] is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes.").

In *Woodard v. FedEx Freight E., Inc*., 250 F.R.D. 178 (M.D. Pa. 2008), the district court explained *why* courts should be skeptical of requests for equitable tolling in FLSA collective actions based solely on routine motions practice:

> [T]he delay notifying prospective plaintiffs that might be engendered by FedEx Freight's [motion to strike or for more definite statement] is not an extraordinary circumstance that warrants equitable tolling. In this regard, Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period. . . . As such, courts must be cautious about equitably tolling the FLSA limitations period especially where, as here, there are no allegations of wrongdoing on the part of the defendant.

*Id*. at 194. Holiday's motion was brought in good faith pursuant to the Federal Rules of Civil Procedure and does not constitute "extraordinary circumstances."

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Even if the Court were to find that Holiday's motion to dismiss somehow created extraordinary circumstances, however, there would still have to be a *causal connection* between those circumstances and the putative opt-in plaintiffs' inability to file. *C.f. Gibbs v. Legrand*, 767 F.3d 879, 892 (9th Cir. 2014) (*quoting Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)) ("[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken."); *see also Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (recognizing "causation requirement" in equitable tolling cases). There is no such causal connection here because *any supposed prejudice to opt-in plaintiffs would be caused by the Butlers' own failure to seek conditional certification, not Holiday's motion to dismiss*.[1]

The Butlers also make a last ditch appeal to equity, arguing that "Holiday *benefits* from any delay because it phased out the [Co-Manager] position in November 2016." Motion at 4 (emphasis added). But this argument is nonsensical. The Court's decision regarding equitable tolling will have *no effect* on the fact that, based on Holiday's decision to phase out the Co-Manager position by November 2016, no putative plaintiffs will be able to bring claims based on alleged misclassification after this time.

**C. The Cases Cited By the Butlers Are Distinguishable**

The Butlers cite three cases to support their claims that the "delay caused by a defendant's motion to dismiss is grounds for equitable tolling." Motion at 3 (citing *In re Bank of America Wage & Hour Emp. Litig.*, No. 10-MD-2138-JWL, 2010 WL 4180530 (D. Kan. Oct. 20, 2010); *Kellgren v. Petco Animal Supplies, Inc.*, No. 13-cv-644-L (KSC), 2014 WL 2558688 (S.D. Cal. June 6, 2014); *Stickle v. SCI Western Market Support Center, L.P.*, No. CV 08-083-

[1] The existence of *<u>any</u>* prejudice would be a difficult argument to make because seventeen putative opt-in plaintiffs have already filed "consent to join" forms in this case, all of whom did so *after* Holiday filed its motion to dismiss. *See* Dkt. Nos. 25-27.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

PHX-MHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008)). All three cases are readily distinguishable.

With respect to *Bank of America*, which involved a "unique procedural history" in which twelve related actions had been consolidated in a single jurisdiction, *Bank of America,* 2010 WL 4180530, *1, 4, the Butlers rely on a misleading, partial quotation that omits essential language in a manner that distorts the case's meaning. The full quote should read:

> [T]he court would not have expected plaintiffs to expend time and valuable resources working to notify putative class members of this [multidistrict litigation] in the face of a motion to dismiss all counts of the consolidated complaint *and in light of the Fortner order*.

*Id*. at 6 (emphasis added). The Motion omits the italicized text, which is essential to the decision. *See* Motion at 4. Prior to consolidation of the twelve cases, a different court had ordered equitable tolling vis-à-vis one of the defendants after that defendant *had successfully moved for a stay of the proceedings* in order to pursue consolidation (*i.e*., the "Fortner order"). *Id*. at *1. The district court ruled that the Fortner order was *still in effect* after consolidation and that it extended to defendant's post-consolidation co-defendant based on "the unique procedural history of this litigation and the fact that Bank of America Corporation does not suggest that it is prejudiced in any way by the court treating it on the same footing as Bank of America, N.A." *Id*. at *4. Ultimately, the district court engaged in an independent analysis and decided to extend the Fortner order based on the unique circumstances of the case. *See id*. at *5 ("The particular expectations of and burdens on the parties and their counsel in [a] [multidistrict litigation] case inform the court's conclusion that equitable tolling is appropriate here."). Here, this case does not involve multidistrict litigation or a previous tolling order based on a stay.[2]

---

[2] Although the Court has deferred entry of an initial case scheduling order pending its ruling on Holiday's motion to dismiss, the Butlers do not (and cannot) make the argument that the Court's order is equivalent to a stay of the proceedings. There is nothing in the Court's order or elsewhere in the Court's docket preventing them from filing for conditional certification.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

In *Kellgren*, defendant's motion to dismiss was granted because plaintiff had failed to allege "willfulness," thereby barring plaintiff's claim due to the FLSA's two-year statute of limitations. *See* Petersen Decl., ¶ 3, Ex. A at 4-22. After plaintiff amended his complaint, defendant filed a ***second*** motion to dismiss, which was still *sub judice* more than a year after the case had been filed, at which point plaintiff moved for equitable tolling. *See* Petersen Decl., ¶ 4, Ex. B, at 56-58. The district court granted plaintiff's motion for equitable tolling, but, in doing so, relied on an out-of-circuit district court opinion that stated, "the time required for a court to rule on a *motion . . . for certification of a collective action* in an FLSA case[ ] may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Kellgren*, 2014 WL 2558688, at *4 (quoting *Yahraes v. Restaurant Assocs. Events Corp*., 2011 WL 844963 at *2 (E.D.N.Y.2011)) (emphasis added). Here, Holiday has filed a single motion to dismiss which has been pending for far less than a year, and the Butlers have not moved for conditional certification.

In *Stickle*, plaintiffs filed a motion for expedited collective action notification ***one day*** after filing their class and collective action complaint. *Id*. at *21. The district court denied plaintiffs' motion but directed plaintiffs to re-file the motion after the court ruled on defendants' then-anticipated motion to dismiss. *Id*. at *21. Plaintiffs subsequently moved for equitable tolling, which the court granted. *Id*. Here, the Butlers have not moved for conditional certification or offered any explanation for their failure to do so.

The other cases cited by Plaintiff are equally inapposite. Two cases involved stays that prevented putative collective action plaintiffs from opting-in; there are no such stays involved in this case. *See Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 WL 1508853, at *2 (N.D. Cal. Apr. 27, 2017) (ordering equitably tolling where there was a stay in place preventing plaintiff from, among other things, filing a motion for class certification); *Koval v. Pac. Bell Tel. Co.*, No. C 12-1627 CW, 2012 WL 3283428, at *8 (N.D. Cal. Aug. 10, 2012) (granting equitable

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

tolling simultaneously with defendant's request for a stay pending resolution of parallel litigation in state court).

The few remaining cases cited by the Butlers likewise involve very different circumstances from this case. *See Partlow v. Jewish Orphans' Home of S. California, Inc.*, 645 F.2d 757, 758 (9th Cir. 1981), *abrogated by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (affirming decision to toll statute of limitations for 45 days to allow those employees whose consents were ineffective due to counsel's improper solicitation to file proper consent with the court); *Mowdy v. Beneto Bulk Transp.*, No. C 06-05682 MHP, 2008 WL 901546, at *12 (N.D. Cal. Mar. 31, 2008) (granting equitable tolling in the context of a motion for conditional certification and other discovery disputes where "Defendants [did] not dispute that equitable tolling [was] appropriate"); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715SC, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007) (granting equitable tolling due to discrepancy between claims that could be brought by in-state and out-of-state plaintiffs caused by the "vagaries of the process by which [a related] action was settled, the competition which occurred between Plaintiffs' attorneys and [defendant's attorneys in the related action] during settlement mediation, and other factors outside of these Plaintiffs' control").[3]

## IV. CONCLUSION

When enacting the FLSA, Congress decided not to toll the statute of limitations for opt-in plaintiffs upon commencement of a collective action. Although courts have recognized a narrow judicial exception, the Butlers have not offered evidence to show how Holiday's motion to dismiss has created the kind of "exceptional circumstances" that would justify equitable tolling. Nor have they explained how those circumstances would *cause* the prejudice that might be experienced by potential opt-in plaintiffs. Rather, the only thing hindering the Butlers from

[3] The only other case cited by Plaintiffs is *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006), a non-FLSA case in which the Court denied equitable tolling.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

pursuing conditional certification (and the ability to solicit additional opt-in plaintiffs) is their own inexplicable failure to do so. For the aforementioned reasons, Holiday requests that the Court deny the Motion.

DATED: November 13, 2017

By: s/ Chelsea Dwyer Petersen
By: s/ Charles N. Eberhardt
Chelsea Dwyer Petersen #33787
Charles N. Eberhardt #18019
Attorneys for Defendant HARVEST MANAGEMENT SUB, LLC d/b/a HOLIDAY RETIREMENT
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: CDPetersen@perkinscoie.com
CEberhardt@perkinscoie.com

By: s/ Brett C. Bartlett
By: s/ Kevin Young
Brett C. Bartlett *(admitted pro hac vice)*
Kevin Young *(admitted pro hac vice)*
**Seyfarth Shaw LLP**
Attorneys for Defendant HARVEST MANAGEMENT SUB, LLC d/b/a HOLIDAY RETIREMENT
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309-3958
Telephone: 404.885.1500
Facsimile: 404.892.7056
Email: bbartlett@seyfarth.com
kyoung@seyfarth.com

DEFENDANT'S OPP TO MOTION FOR EQUITABLE TOLLING OF STATUTE OF LIMITATIONS (No. 2:17-cv-00685-RAJ) –9

137523322.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF SERVICE**

On November 13, 2017, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following document(s):

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF STATUTE OF LIMITATIONS**

| | | |
|---|---|---|
| Alan L. Quiles<br>Gregg I. Shavitz<br>Shavitz Law Group, P.A.<br>1515 South Federal Highway, Ste. 404<br>Boca Raton, FL 33432<br>Telephone: (561) 447-8888<br>Facsimile: (561) 447-8831<br>Email: aquiles@shavitzlaw.com<br>gshavitz@shavitzlaw.com | ☐<br>☐<br><br>☐<br>☐<br>☑ | Via Hand Delivery<br>Via U.S. Mail, 1st Class, Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via E-filing |

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| Adrienne McEntee<br>Jennifer Rust Murray<br>Beth E. Terrell<br>Terrell Marshall Law Group PLLC<br>936 N. 34th St., Ste. 300<br>Seattle, WA 98103<br>Telephone: (206) 816-6603<br>Facsimile: (206) 350-3528<br>Email: amcentee@terrellmarshall.com<br>jmurray@terrellmarshall.com<br>bterrell@terrellmarshall.com | ☐<br>☐<br><br>☐<br>☐<br>☑ | Via Hand Delivery<br>Via U.S. Mail, 1st Class, Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via E-filing |

*Attorneys for Plaintiffs*

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 13th day of November, 2017.

By: *s/ Chelsea Dwyer Petersen #33787*
Chelsea Dwyer Petersen

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000