1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA BUTLER and WESLEY
BUTLER,

                        Plaintiffs,

        v.

HARVEST MANAGEMENT SUB, LLC
d/b/a HOLIDAY RETIREMENT,

                        Defendant.

CASE NO. C17-0685 RAJ

ORDER

## I.      INTRODUCTION

This matter comes before the Court on Defendant Harvest Management Sub LLC's Motion to Dismiss. Dkt. # 11. Plaintiffs Patricia Butler and Wesley Butler oppose the Motion. Dkt. # 20. For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## II.      BACKGROUND

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

As a preliminary matter, Defendant requests that the Court take judicial notice of a decision in a related FLSA case involving Defendant, *Cwik v. Harvest Mgmt. Sub LLC*, Case No. 2:12-cv-08309-DMG-JC (C.D. Cal., filed Sept. 26, 2012), and the relevant filings in that case, attached as exhibits to Defendant's Motion. Dkt. # 11 Ex. A-G. As the requested documents are "matters of public record" and their authenticity is not contested, Defendant's request is granted. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("Under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"); Fed. R. Evid. 201.

Plaintiffs bring this proposed collective action against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA"), 27 U.S.C. §§ 201, *et seq.* Plaintiffs allege that Defendant intentionally misclassified thousands of Co-Managers as exempt employees to evade federal wage and hour laws. Dkt. # 1 ¶ 3. Plaintiffs worked as Co-Managers from approximately July 2012 to November 2014. Dkt. # 1 ¶ 11. In November of 2015, Plaintiffs filed a petition for bankruptcy which was discharged in February of 2016. Dkt. # 11. Plaintiffs did not disclose a potential FLSA claim in their bankruptcy proceedings. *Id.* Plaintiffs filed this action on May 2, 2017. Dkt. # 1.

III.   **LEGAL STANDARD**

A. **FRCP 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the

complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

Defendant argues that Plaintiffs are barred from pursuing their FLSA claims based on the doctrine of judicial estoppel. "Judicial estoppel is an equitable doctrine invoked by a court at its discretion." *Ah Quin v. Cty. of Kauai Dep't of Transp*., 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). Its purpose is to "protect the integrity of the judicial process" by precluding a party from gaining an advantage by asserting one position and then later taking a clearly inconsistent position. *Ah Quin*, 733 F.3d at 270; *see also Hamilton v. State Farm Fire & Cas. Co*., 270 F.3d 778, 782 (9th Cir. 2001).

While the doctrine of judicial estoppel is not reducible to any "general formulation of principle," a court may consider the following factors to inform its decision whether to apply the doctrine in a particular case: (1) a party's later position is "clearly inconsistent" with its earlier position; (2) the party persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that the first or the second court was misled; (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Ah Quin*, 733 F.3d at 270 (citing *New Hampshire*, 532 U.S. at 750-751). These factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.*

In the bankruptcy context, if a debtor omits a pending or "soon-to-be-filed" lawsuit from the bankruptcy schedules and obtains a discharge, judicial estoppel bars the action. *Id.* at 271. However, "it may be appropriate to resist application of judicial estoppel where the party's prior inconsistent position was based on inadvertence or mistake." *New Hampshire*, 532 U.S. at 753. Because judicial estoppel is a discretionary doctrine, the application of judicial estoppel is a case-by-case determination. *Ah Quin*, 733 F.3d at 272.

Plaintiffs argue that the omission of this claim from their bankruptcy schedules was inadvertent because they did not learn that they had a potential claim until after their bankruptcy was discharged and because they have filed a motion to reopen their bankruptcy proceedings and amend their petition to disclose their claims. Dkt. # 20. Where the plaintiff reopens bankruptcy proceedings and has corrected the alleged filing error, judicial estoppel requires an inquiry into the plaintiff's subjective intent when filling out and signing the bankruptcy schedules. This inquiry takes into account, but is not limited to, whether the plaintiff knew of the claims and had a motive to conceal them. *Ah Quin*, 733 F.3d at 276-77.

In 2012, a proposed collective action was filed under the FLSA in the U.S. District Court for the Central District of California, *Cwik v. Harvest Mgmt. Sub LLC*, Case No. 2:12-cv-08309-DMG-JC (C.D. Cal., filed Sept. 26, 2012). Dkt. # 11 Ex. A-G. Defendant's classification of the Co-Manager position was among the disputed claims in that case. The *Cwik* action eventually settled. *Id.* In or around July of 2013, while Plaintiffs were still working for Defendant, they received notice of the settlement in *Cwik*. Dkt. ## 22, 23. Plaintiffs submitted a claim, received payment, and cashed their checks. *Id.* Plaintiffs continued to work for Defendant after submitting their claim. However, Plaintiffs contend that they did not learn that they had a potential claim for the time they worked after the settlement until they received an email message about potential claims for unpaid overtime in September of 2016. Dkt. # 20. Plaintiffs admit

that the settlement notice they received described the *Cwik* lawsuit, including the fact that the lawsuit involved Defendant's alleged failure to pay Co-Managers overtime compensation. Dkt. # 1 ¶ 10; Dkt. # 22 ¶ 7; Dkt. # 23 ¶ 7. The notice also indicated the relevant time period for the settled claims, specifically that the settlement covered claims for time worked through June 19, 2013. Dkt. # 24; Dkt. # 11-1. Plaintiffs also allege that the Co-Manager position and its related duties did not change following the *Cwik* settlement. Dkt. # 1 ¶ 10 n.2.

Plaintiffs submit that their action to re-open their bankruptcy proceedings to amend their petition is evidence that they did not deliberately conceal anything from their debtors. However, their bankruptcy petition was discharged in February of 2016. Assuming that Plaintiffs did not, as they allege, know that they had a potential claim until September of 2016, they still did not file a motion to re-open their bankruptcy proceedings until June 30, 2017, or two weeks after Defendant filed this Motion to Dismiss. Dkt. # 22, 23. The Court finds this timing disingenuous and evidence that Plaintiff's omission was not actually inadvertent. *See Dzakula v. McHugh*, 746 F.3d 399, 402 (9th Cir. 2014) (finding that the timing of the plaintiff's amendment of her bankruptcy schedules indicative of whether her original omission was inadvertent or mistaken). Plaintiffs also submit declarations in support of their Response, stating that they did not know that they had additional claims for unpaid overtime that they might seek payment for in the future, and that it did not occur to them that they might have a claim for unpaid wages when they filed for bankruptcy in 2015[1]. Dkt. # 22, 23. However, these self-serving and conclusory statements are insufficient to support Plaintiffs' arguments. Taking into account the above, as well as the fact that "full disclosure in bankruptcy is essential to the functioning of the bankruptcy system," the

---

[1] Plaintiffs request that the Court convert Defendant's Motion to Dismiss into a motion for summary judgment. The Court declines to do so.

Court finds that judicial estoppel applies to bar Plaintiffs' claims. *Ah Quin*, 733 F.3d at 273.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 11.  As this Order operates to dismiss all of Plaintiffs' claims, Plaintiffs' Motion for Equitable Tolling of Statute of Limitations (Dkt. # 28) and Defendant's Motion to Strike Opt-In Plaintiffs' Consent Forms (Dkt. # 30) are **DENIED as moot.**

Dated this 15th day of February, 2018.

_____

The Honorable Richard A. Jones
United States District Judge